<div align="right">NEW YORK,<br>October, 1818.<br><br>SHEPARD<br>v.<br>RYERS.</div>

<div align="center">Judgment affirmed.</div>

---

<div align="center">SHEPARD <i>against</i> RYERS.</div>

THIS was an action of *assumpsit*. The declaration contained five counts on a special agreement, and the common *indebitatus* counts. The cause was tried before Mr. J. *Platt*, at the *Tioga* circuit, in *June*, 1817.

At the trial, the plaintiff gave in evidence a covenant, or agreement, under seal, dated the 2d of *November*, 1809, and executed by the plaintiff and defendant, which was as follows :

" Whereas *John Shepard*, of the town of *Athens*, in the state of *Pennsylvania*, and *John P. Ryers*, of the town of *Painted Post*, in the state of *New-York*, were joint owners of a certain tract of land, situated in the town of *Spencer*,

<div align="right"><i>In an action<br>for the breach<br>of a covenant<br>contained in<br>an agreement,<br>the plaintiff<br>cannot recover<br>back from the<br>defendant mo-<br>ney which he<br>paid him to in-<br>duce him to en-<br>ter into the a-<br>greement, as it<br>is still subsist-<br>ing and unre-<br>scinded, espe-<br>cially where<br>the plaintiff in<br>the same ac-<br>tion recovers<br>damages for a<br>breach of the<br>covenant.</i></div>

*The plaintiff and defendant being joint proprietors of a tract of land, of which the plaintiff had conveyed a part, by deed, with covenant for quiet enjoyment and warranty, agreed to make partition of the tract in such manner that the part conveyed by the plaintiff should be set off in his portion, and they appointed three persons to make the partition, and covenanted to execute releases to each other. The persons appointed having made partition, the defendant refused to execute a release: Held, that the plaintiff was not entitled to recover, as damages, for the breach of the agreement to release, any part of the consideration expressed in the deed, to his grantee, who had never been evicted, the plaintiff's liability being merely contingent; and he can have no claim against the defendant for damages to which he may, by possibility, be liable to his grantee: besides, it is questionable, whether the defendant would not be estopped by the partition, which, though it has not the operation of a conveyance, might be considered in the nature of an award, from setting up a title against the plaintiff's grantee.*

in the county of *Tioga*, and state of *New-York*, called the *Schoolcraft Location*, containing 2,600 acres of land ; and whereas the said *John P. Ryers'* part, or share of said tract of land, which was two-thirds, was sold at public auction by the sheriff of *Tioga* county, and bid off by *John H. Avery* and *Joshua Ferris*, and for which they have received a deed from the said sheriff; and whereas the said *John Shepard* has agreed to procure from the said *John H. Avery* his claim or title to the said tract of land, released to the said *John P. Ryers*, and the said *Ryers* agrees to procure the claim, or title, of said *Joshua Ferris* to the said tract of land ; and whereas the said *John Shepard* and *John P. Ryers* have agreed to have the said tract of land divided, that is to say, the said *Ryers* to have two-thirds, and the said *Shepard* one-third, the *Voorhes's* farm, so called, to be set off and included in *Ryers'* part, and also the places or farms occupied by the *Sparks*, *Dunn*, *Bates*, and *Spalding*, to be set off and included in *Ryers'*, and he to confirm the contracts originally made for the farms in possession of the above named persons with them, and those under whom they claim. In *Shepard's* part to be set off and included the farms in possession of *Gibson*, *English*, and *Roberts*. In the division of said tract, the relative value of said above-mentioned farms, compared with the other parts of the said tract, shall be taken into consideration, so as to form an equal division in quantity and quality in the proportion aforesaid ; and the said division shall be made by *Emanuel Coryell*, (and two other persons, in whose place the parties, by a subsequent agreement, substituted *Knox* and *Ferris*,) or any two of them, and the expenses of the division to be paid by the parties in proportion to their rights. Now, therefore, the said *John Shepard* and *John P. Ryers*, do hereby covenant and agree, to and with each other, and to and with their respective heirs, &c. to perform, fulfil, and keep, all and singular the agreements on their parts and behalf to be performed, fulfilled and kept ; and that they will execute, each to the other, releases, according to the divisions to be made by the above-named persons ; and they do hereby, to the said performances of the said agreements, bind them-

NEW-YORK,
October, 1818.

SHEPHARD
v.
RYERS.

selves, their heirs, &c. each to the other, in the penal sum of 4,000 dollars, firmly by these presents.    Sealed, &c.''

The plaintiff, also, produced in evidence the award of the three persons appointed to make partition of the *Schoolcraft* location, dated the 13th of *July,* 1811, by which the several lots contained in the location were set off to the parties respectively.    It was also proved, that the plaintiff had released to the defendant, in pursuance of the agreement; and that the defendant had acknowledged that *John H. Avery* had released to him, but that the defendant refused to execute a release to the plaintiff.

To establish his claim to damages, the plaintiff proved, (the testimony being objected to, but admitted by the judge,) that he had paid to the defendant 400 dollars in order to induce him to enter into the agreement.    The plaintiff, also, offered in evidence a deed from himself to one *Gibson,* dated in *December,* 1800, the consideration expressed in which was 144 pounds, for the farm in the possession of *Gibson,* mentioned in the agreement, and which, by the partition, was set-off to the plaintiff.    The deed contained general covenants of quiet enjoyment and warranty, and was offered as evidence of the plaintiff's liability to repay the consideration to *Gibson,* by reason of the defendant's refusal to execute a release.    The evidence was objected to on the part of the defendant, but was admitted by the judge, who ruled, that the plaintiff was entitled to recover two-thirds of the consideration money mentioned in the deed, with interest from the date.    The plaintiff, then, for the same purpose, produced in evidence his deeds to *English* and *Roberts,* for their farms, mentioned in the agreement between the parties, both of which contained general covenants for quiet enjoyment, and of warranty.

The judge charged the jury, that the plaintiff was entitled to recover as damages, sustained by the defendant's refusal to execute a release, all money that the plaintiff had been obliged to pay, or was liable to pay to the purchasers of the land, and the expenses of the partition ; and that, therefore, it would be proper for the jury to allow the plaintiff two thirds of the amount of the consideration money, expressed in the several deeds given in evidence, together with interest from the date of the deeds, and one third of

NEW-YORK, the expenses of partition and interest thereon, together
October, 1818. with the sum of 400 dollars, paid by the plaintiff at the ex-
SHEPARD     ecution of the agreement, and interest on the same.   The
v.          jury accordingly found for the plaintiff, a verdict compris-
RYERS.      ing those sums.

A motion was made to set aside the verdict, and for a new trial.

*H. Bleecker*, for the defendant.   1. It was incumbent on the plaintiff to show, that he had performed or offered to perform his part of the agreement.   The witness merely says, that his *impressions* were, that the plaintiff tendered a release to the defendant.   But the fact ought to have been made out by clear and positive testimony.

2. The plaintiff could not recover damages merely because he might, possibly, at some future day, be sued by the persons to whom he had sold the land.   The plaintiff has never been called on to pay.   It was not certain that his grantees would ever be evicted.   The defendant might have thought proper to release to them.   The deeds of the plaintiff contained covenants for quiet enjoyment and war-ranty ; but until the grantees are evicted, they can sustain no action against the plaintiff, on his covenants.   (2 *Johns. Rep.* 1. 395.   3 *Johns. Rep.* 471.   7 *Johns. Rep.* 258. 376.   8 *Johns. Rep.* 198.)   The defendant, therefore, ought not to be compelled to indemnify the plaintiff, for what he has not paid, and may never be called on to pay.

3. The plaintiff was owner of one third of the land, and the defendant of two thirds, and they agreed to make par-tition.   This agreement not being executed, the parties stand precisely in the same situation as before ; and if the plaintiff is called on to refund the money he has received from his grantees, he retains the land ; and all that he can be entitled to recover as damages, is six years interest. (*Caulkins* v. *Harris*, 9 *Johns. Rep.* 324.)

4. The damages do not *necessarily* result from the breach of contract stated in the declaration.   Unless particularly stated in the declaration, evidence of such damage is inad-missible. (1 *Chitty  Pl.* 332.)   Special damages arising from special causes, must be specially stated.

5. Suppose the plaintiff, after the agreement, had entered

into possession of these farms, according to the partition, would not the defendant have been *estopped* from bringing an action of ejectment. Though an award may not operate to convey land, it may conclude the defendant from contesting the title of the plaintiff. (*Doe* v. *Rosser,* 3 *East,* 15. *Calhoun's Lessee* v. *Dunning,* 4 *Dallas,* 120. *Kyd on Awards,* 59.)

<div style="text-align:right">NEW-YORK,<br>October, 1818.<br><br>SHEPARD<br>v.<br>RYERS.</div>

6. The plaintiff and defendant are tenants in common. Can one tenant in common maintain an action of ejectment against his co-tenant?

[SPENCER, J. No doubt he may, though no actual ouster proved.](*a*)

7. The deed from the plaintiff to *Gibson* and others, ought not to have been received in evidence, to show particular damages; they are not mentioned in the declaration. (1 *Chitty Pl.* 333.)

*Collier,* contra. Though the plaintiff and defendant were, originally, tenants in common, yet before the agreement about the partition, the plaintiff had conveyed all his right and title, so that at the time of the agreement he was no longer a tenant in common with the plaintiff.

The evidence as to the release of the plaintiff was sufficient. Though one of the witnesses spoke of his *impressions,* yet another witness, *Joshua Ferris,* proved the release by the plaintiff pursuant to the agreement, and that the defendant had acknowledged to him that *Avery* had released to the defendant. The evidence was uncontradicted, and went to the jury, who have passed upon it.

As to the damages, the cases cited are those of bonds of indemnity, or where the question is technically as to the indemnity. They are not analogous to the present case.

It is obviously just, that the plaintiff should be restored to the situation in which he would have stood, had the defendant performed his part of the agreement.

The deeds to *Gibson* and others were sufficiently referred to in the declaration to entitle the plaintiff to offer them in evidence.

(*a*) *Oates* v. *Brydon,* 3 *Burr.* 1895. 12 *Mod.* 657. 7 *Mod.* 39. 1 *Term Rep.* 758. 3 *Wils.* 118.

THOMPSON, Ch. J. delivered the opinion of the Court. The rule of damages by which the recovery in this case was governed, cannot be sanctioned in several particulars. The action is founded upon a covenant entered into by the parties, the object of which was to effect a division of certain lands in which the parties were jointly interested. One item of the plaintiff's claim to damages, was 400 dollars, which, it was alleged, he paid to the defendant to induce him to enter into the agreement. This sum could not, in any way, be considered as damages for breach of the agreement. It formed a part of the consideration of the agreement; and as long as that is considered a subsisting contract, the plaintiff can have no claim to recover back the consideration money. If the covenant had been rescinded, or an end put to it, in any manner, without his fault, then the plaintiff might recover back this money; but as long as the covenant is considered in force, he can have no claim to recover back the sum thus paid. The other items allowed as damages are founded on the supposition that the covenant was in full force. The plaintiff could not recover damages to which he might, by possibility, be liable, in consequence of the covenants in his deeds to *Gibson, English,* and *Roberts.* These were general covenants of warranty, and for quiet enjoyment. The deeds were for farms, which by the covenant were to be set off to *Shepard;* and which have been awarded to him by the persons for that purpose appointed. But these grantees have not been disturbed in their possessions, nor has *Shepard,* in any manner, been made liable for any damages under his covenants. Indeed, it does not appear that his covenants have been broken, as no eviction of his grantees has been shown. His liability is altogether contingent; and he may never be exposed to the payment of the damages he has recovered of the defendant. The plaintiff might, possibly, apply to the Court of Chancery and compel a specific performance of the defendant's agreement to release his claim to these farms; but as long as he chooses to rest upon his covenant for damages at law, he must show himself damnified, or he can only recover nominal damages. Indeed, it is very questionable whether the defendant ever could set up his title to these farms. The

partition made by the persons appointed for that purpose, might be considered in the nature of an award of arbitrators, which, though it might not have the operation of conveying the land, might estop the defendant from setting up his title to these farms, or disturbing the possessions held under the plaintiff's deeds. (3 *East*, 15. 4 *Dallas*, 20.) A new trial must, therefore, be granted, with costs to abide the event.

<div align="right">NEW-YORK,<br>October, 1818.</div>