## JACKSON, *ex dem.* TOTTEN, *against* ASPELL.

THIS was an action of ejectment for land in *Warwick*, tried at the *Orange* circuit, in *April*, 1822, before Mr. Justice *Yates.*

The plaintiff's lessor, *Sally Totten*, claimed title to the premises as heir at law to her father, *Silas T.*, deceased. The seisin of *Silas Totten* of the premises, his death, and

The right to dower, until it is duly admeasured and assigned, cannot be aliened, so as to enable the grantee to maintain an action for it, in his own name. And if a Surrogate, at the instance of a purchaser of the widow's right of dower, has the dower admeasured and assigned to him, the proceeding is *coram non judice*, and confers no title, under the statute, even though the heir, or his guardian, consented to it.

that the lessor was his only child, were proved by the plain-tiff.

The defendant offered to prove, that *Elizabeth Totten,* the widow of *Silas Totten,* being indebted to the estate of *S. Totten,* her deceased husband, assumed to pay the same ; and that as such widow she was entitled to dower in the lands of *S. Totten,* and being so indebted and entitled to dower, she intermarried with *Joseph Sayre ;* that proceed-ings were had against *Sayre* after such marriage, as an ab-sent and absconding debtor, and that under, and by virtue of such proceedings, her right of dower in the premises was sold and conveyed for the life of *E. Totten,* (Mrs. *Sayre,*) by the trustees of the creditors of *J. Sayre,* to the defendant, as the right of dower of *Elizabeth Totten,* (Mrs. *Sayre,*) for payment of the debt so due as aforesaid ; and that *E. Totten* (Mrs. *Sayre,*) had, from the death of *S. Totten,* to the time of the sale, occupied the premises, being a farm, and was living at the time of the trial. The de-fendant offered to prove, that after the sale and conveyance to him, he applied to the Surrogate of *Orange* county, under the act of 26th of *January,* 1807, for admeasurement of the dower ; and that pursuant to such application, the premises in question were admeasured and set off to the defendant, as the right of dower of the said *E. Totten,* then *E. Sayre,* and that such application was made with the consent of *James Wood,* guardian of the lessor of the plaintiff, who was then an infant, which consent appeared by the record of proceedings. All this testimony was rejected by the Judge, who directed a verdict for the plaintiff, which was, accordingly, found by the jury.

The case was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. When dower has been duly admeasured and assigned, the widow acquires a vested estate for life, and can maintain an action of ejectment to recover the possession. (*Jackson, ex dem. Miller,* v. *Hixson,* 17 *Johns. Rep.* 123.)

The right to dower, until it is legally and duly assigned, is a right resting in action only, and it cannot be so aliened, so as to enable the grantee to bring an action in his own

OF THE STATE OF NEW-YORK.

ALBANY,
January, 1823.

JACKSON
v.
ASPELL.

name. A *feme covert*, or a widow, may release her claim of dower, so as to bar herself, but she can invest no other person with the right to maintain an action for it, until it has been assigned. (*Jackson* v. *Vanderheyden*, 17 *Johns. Rep.* 168.) *Cruise* (*Dig.* vol. 1. p. 159. s. 2.) and *Gilbert* (*Tenures*, 26.) fully agree with this doctrine. It is laid down by them, that the widow has no estate in the land until assignment, for the law casts the freehold on the heir, immediately on the death of the ancestor.

The question, then, arises, whether the dower in this case has been well assigned. It was not assigned when the trustees sold, and they had nothing to sell but a right of action which was personal, as regards the widow. The third section of the act (1 *N. R. L.* 60.) provides, that if the widow shall neglect, or refuse to demand her dower, for forty days after the death of her husband, that then it shall be lawful for the *Surrogate* of the county where the land lies, upon the petition of the heirs, guardians of minor children, or *other proprietors or owners*, to issue an order to three disinterested freeholders of the county, to be by him appointed, to admeasure and lay off one third of the land as the widow's dower. The defendant was not a proprietor or owner of the land, within the purview of the statute ; he claimed to be the owner of the right of dower only, not of the lands out of which the dower was to be assigned ; and we have seen, that the widow herself had no estate in the land before the assignment, and, therefore, the defendant could have none. The proceedings, then, before the Surrogate, were *coram non judice*, for no one applied for admeasurement, having a right under the statute to make such application. The consent of the guardian of the lessor, that the defendant might make such application, is unavailing ; for it could give no jurisdiction, where none existed before. The evidence offered by the defendant was properly overruled, and the motion for a new trial must be denied.

Motion denied.