## Cox, widow, demandant, *against* JAGGER & BELKNAP, tenants.

In dower, the tenants pleaded that the demandant's

DOWER, *unde nihil habet*, by Mary Cox, widow of John Cox, deceased, of land, &c., in the town of Newburgh, in son having conveyed the premises to the tenants, with warranty, &c., the demandant and her son, by writing sealed, reciting these facts, and that the demandant had agreed with her son to take a certain annual sum in lieu of dower, referred it to three arbitrators to determine the amount and the security for payment, and the demandant covenanted, that on the award being fulfilled, she would release her dower to the son, and the performance of the son was guarantied by one of the tenants; that the arbitrators awarded a sum payable quarterly by the son, or the tenants or either of them, and that the son should pay the costs of the controversy; that a certain sum of money vested in the tenant's hands for their indemnity should be the security; and that all suits, quarrels, &c., touching the premises, should cease, &c., and that in default of fulfilling the award, the demandant might enter, &c., and the plea then averred that the costs had been tendered; that the quarterly sum had been paid to, and accepted by the demandant up to the time of the commencement of the suit; and the award in all respects performed on the part of the son and tenants: *held,* that this award was a bar to the action; that it was not necessary that a release should be awarded; that though the arbitrators might have misjudged as to the security, and fixed upon one which was insufficient, this would not affect the award, their determination being conclusive; that though the award was void so far as it provided for a payment by the tenants, and though it might be void in awarding costs, which had been provided for by the submission, yet this would not affect the whole, and it should stand and be enforced for the residue.

Where the parties have power to transfer real property, arbitrators may award that they shall do it.

An award may be good in part and bad in part.

Where the part which is void is not so connected with the rest as to affect the justice of the case, it is void only *pro tanto.*

An award that all suits touching the premises shall cease is equivalent to a release.

Orange county. PLEA, that after the decease of Cox, the husband to wit, on the 31st of May, 1821, at Newburgh, &c. Alexander Cox, the son of the demandant, and her late husband, John Cox, having been previously seised in fee simple of the premises in question, and having prior to that day conveyed the same to the tenants, with covenants of warranty, and for quiet enjoyment, and against incumbrances, Alexander Cox and the demandant, on the said 31st of May, at Newburgh aforesaid, by their certain writing, signed with their names and sealed with their seals, dated the said 31st of May, recited in substance, that whereas the said Mary Cox, as widow of the said John Cox, deceased, was entitled to dower in all that farm sold by the said Alexander, the son, to the said Belknap and Jagger, and which had belonged to the said John Cox, deceased, in his lifetime, and that the said Mary had agreed with the said Alexander, to take a certain sum of money to be paid quarterly during her lifetime, in lieu of her dower of the said farm of her said husband, deceased, and that the parties aforesaid could not agree as to the sum so to be paid as aforesaid, in lieu of her dower; and it was, by the said writing, stipulated and agreed by and between the said Alexander and the said Mary, to leave to the decision of Thurston Wood, Alexander Ross and James Waugh, to determine, as well the amount of moneys to be paid by the said Alexander to the said Mary quarterly, for her said dower during her natural life, as the amount of the security and the nature of the same by the said Alexander to be given to the said Mary for the punctual payment of the same as aforesaid, provided the award of the said arbitrators was made and ready to be delivered, on or before the

An award does not transfer a title, but a party to it is concluded by his own agreemen from disputing the title. It operates as an estoppel.

The right to dower, till assigned, rests in action only. It may be released, but the widow cannot invest another with the right to an action for it; and an award will extinguish the right.

The authority to award costs is necessarily incident to the power of arbitrators.

An award that an annual sum shall be paid in lieu of dower is valid; but a further provision, that in default of payment the demandant may enter, is void as being repugnant to the former. The latter must be rejected, but the former remains.

The rule is, that when one part of an award is irreconcilable with another, the first part shall prevail, and the latter be rejected.

7th day of June, then next after the date of the said writing; and it was thereby further stipulated and agreed by the said Mary, that, on the fulfilment of the said award of the said arbitrators, on the part of the said Alexander, she should give him a full and entire release of dower, and damages for the detention of the same, and the said Alexander agreed to pay all the costs of the said proceedings, and the costs of the said Mary, in relation to the same; and it was thereby further agreed that the parties, the said Mary and Alexander, would abide by the decision of the said arbitrators or a majority thereof, under the penalty of 1000 dollars, the fulfilment of all which covenants on the part of the said Alexander, the tenants averred, was, on the said 31st day of May, guaranteed by the tenant Jagger, by his instrument in writing, under his hand and seal, to the writing first mentioned underwritten; that before the execution of the first mentioned writing by the said Alexander and Mary respectively, to wit, on the 31st of August, 1820, the said Alexander Cox, conveyed in fee simple, with covenants of warranty, of quiet enjoyment and against incumbrances, to the tenants, the premises in question, by means whereof the tenants entered into and were seised of the said premises as of their demesne in fee simple; that after making the said first mentioned writing, and before the said 7th day of June, to wit, on the 5th day of June, A. D. 1821, at Newburgh, aforesaid, the said T. Wood, A. Ross, and J. Waugh, did make their award in writing, under their respective hands and seals, and ready to be delivered to the said parties in difference, and did thereby award, adjudge and determine, that all suits, quarrels and controversies, touching the said premises, should cease and be no further prosecuted, and did thereby further award, adjudge and determine, that the said Alexander, or the said John and Oliver, (the tenants,) or either of them, should pay or cause to be paid to the said Mary Cox, (the demandant,) or her legal representatives, the yearly sum of 35 dollars, of and in lieu of her said right of dower, as aforesaid, to be paid to her or her legal representatives as aforesaid, in quarterly payments, that is to say, the sum of 8 dollars and 75 cents, at the expiration of each and every three months

commencing on the 1st day of May, (then) last past, (the said John and Oliver being the present owners of the property in question, and having an adequate sum vested in their hands to indemnify them.) And should the said Alexander, his heirs or assigns, or the said John and Oliver, or either of them, neglect or refuse to pay to the said Mary, or her legal representatives as aforesaid, the yearly sum of 35 dollars as aforesaid, during her natural life, to be paid quarterly as aforesaid, that then and from thence forward, it should and might be lawful for the said Mary, or her legal representatives, to re-enter into and upon the said premises, in and for her said right of dower, in the same manner as if the said award had never existed. The principal above alluded to in the said award, it was thereby declared, was the proper security to be retained, in the opinion of the said arbitrators ; and the said arbitrators further awarded, ordered and determined, that all costs and charges which theretofore had existed for and on account of the above controversy, as well as the costs of the said arbitration, should be paid by the said Alexander ; that the said matters above recited are the whole of the matters by the said award directed to be performed by the said A. Cox, J. Jagger, and O. Belknap, or either of them, in the discharge, extinguishment and satisfaction of the right of dower, of the said Mary Cox, in the premises aforesaid, and in the count aforesaid demanded ; that the said A. Cox, after the making and publishing of the said award, to wit, on or about the 6th of June, 1821, offered to pay, and tendered to the said Mary Cox, all the costs and charges which had theretofore existed, for and on account of the above controversy, and also the costs of the said arbitration ; and was then and there ready and willing, and has ever since been, and now is ready and willing to pay all such costs as aforesaid, whenever the said Mary Cox is ready and willing to receive the same ; that immediately after making and publishing the said award, to wit, on the 6th of June, 1821, at Newburgh aforesaid, the said A. Cox paid to the said Mary Cox the sum of 8 dollars and 75 cents, in pursuance of the said award, which sum the said Mary Cox then and there accepted and received in full satisfaction and discharge of the one quarter part to be due and payable on the 1st day

NEW YORK,  of August next thereafter, of the said sum of 35 dollars in
May, 1824.  the said award ordered and adjudged to be paid each and
Cox  every year to the said Mary during her natural life; that
v.  the tenants paid in like manner, by the hand of A. Cox, to
Jagger.  the demandant, 8 dollars and 75 cents, on the 8th of July
1821, being the quarterly sum payable the 1st of November, 1821, which was accepted as aforesaid; and so the tenants aver that they have kept and performed the award, &c.

The *præcipe* was returnable August term, 1821, when the demandant counted, the tenants had a special imparlance to October term, 1821, when they interposed the above plea, with a second plea of *ne unques seise, &c.* To the first plea there was a

General demurrer and joinder.

*M'Kissock*, in support of the demurrer. 1. The award is no bar to the action of dower, even if it were binding upon the parties. If not fulfilled, they must take their remedy upon the writing of submission, for the damages. It is an ancient and well settled principle, that awards will not affect real property or freehold,(a) though the parties would be liable to an action for non-performance. Rolle mentions an award between two copyholders,(b) and *Knight* v. *Burton*,(c) was an award of partition, in both of which cases the remedy was sought upon the award, the title not being affected.

Again; the award is void for not having ordered a release of dower. In *Johnson* v. *Wilson*,(d) the arbitrators awarded partition between several tenants in common; but did not direct any deeds of conveyance to be executed; and it was holden that the award was not even the subject of an action. An award of a lease for years is not binding.(e) The authorities cited all agree, that in order to affect the freehold, the award must require some act to be done by the party, capable of passing the title, which act is afterwards performed. No case can be found where a real action was ever holden to be barred by an award. Actions concerning land have been thus barred; but they are personal in their nature, as actions of trespass for damages to the

(a) Rol. Ab. Arbitrement, (B) pl. 7
Com. Dig. Arbitrement, (D. 3.) 3 Bl. Com. 16.
(b) Rol. Abr. Arbitrement, (K) 15.
(c) 6 Mod. 231.
(d) Willes' Rep. 248, Kyd on Aw. Dub. ed. 38, S. P.
(e) Kyd on Aw. 56.

freehold ; or ejectment, which is no more than an action of trespass.(*f*) In trespass, accord and satisfaction would also be a good plea,(*g*) which will not be pretended of an action technically real.(*h*)

The right of dower is not the subject of a personal, but only of a real action. Even ejectment will not lie, because the demandant has no right of. entry,(*i*) for dower at the common law, but only where her claim is in certain, as in cases of dower *ad ostium ecclesiæ*, or *ex assensu patris* ;(*j*) yet dower at the common law is a vested right, which was the ground of the decision in *Damport & wife* v. *Wright*,(*k*) that a fine by husband and wife during the life of the former, and five years non-claim after his death, are a bar of dower. The cases universally lay it down, that dower shall not be barred by a collateral satisfaction, and the reason given is because it is a freehold ;(*l*) and in *Turney* v. *Sturges*,(*m*) it was decided in so many words, that *an acceptance of rent awarded in lieu and satisfaction of dower*, (this very case,) was no bar because the rent was not issuing out of the land whereof the demandant was dowable. It is true, the right lies in mere action, but it will not pass without the solemnity of a deed. It is like any other vested right in lands unaccompanied with possession, where the right will not pass even by deed to any other than the person in possession, for the danger of maintenance. Yet ·. the right is not less a freehold vested, because, as in the ordinary case, it happens to be holden adversely by another. Gilbert on Tenures, 393, 4, which may be cited against us, is not opposed to this idea, for he is merely discussing the question as to what descents shall toll an entry, and he adverts to the right of dower only to place that of the heir in a stronger point of light in reference to this question. He says, that " when she is endowed, she is in from the death of her husband." Her right of possession is therefore, complete ; and the difference between her right and that of the heir is merely in the remedy.

2. This award is void for uncertainty. It is essential that an award should be certain ; otherwise it is a mere nullity.(*n*)

(*n*) Kyd on Aw. 123, 124, 128, 194, 196, 197. *Pope* v. *Brett*, 2 Saund. 292. Id. 293, a. n. (1.)

NEW YORK, May, 1824.

Cox v. Jagger.

(*f*) *Doe* v. *Rosser*, 3 East, 15. *Sellick* v. *Adams*, 15 John. 197.
(*g*) Com. Dig. Accord, (A. 1.)
(*h*) Bac. Ab. Accord and Satisfaction, B. i.
(*i*) *Jackson* v. *Clark*, 7 John. 147.
(*j*) Litt. s. 43. Co. Litt. 37, a. Litt. s. 39.
(*k*) Dyer, 224, a.
(*l*) Co. Litt. 36, b. and note, 224, by Harg. & Butler.
(*m*) Dyer, 91, a.

NEW YORK,
May, 1284.

Cox
v.
Jagger.

(o) Id. Salk
71.    Winter
v. Garlick, 6
Mod.    195.
Schuyler    v.
Vandeveer, 2
Caines' Rep.
235. 2 Saund.
293, a. n. (1.)
(p) Kyd on
Aw. 259, 246.
Roll. Abr. Ar-
bitrament, (K)
pl. 13, 14.
(q) Kyd on
Aw. 287, 259,
260, 261.
. (1) Pope v.
Brett,2 Saund.
292.

The arbitrators award costs and expenses, without saying how much they are. This is neither certain, nor can it be made so by reference.(o) It is true, that an award may be good in part and bad in part, (Willes' Rep. 64,) but this is only where the part which is void does not enter into, and inseparably blend itself with the entire consideration for the rights which are taken away. The intention of the parties was to make out an entire sum to the widow over and above the expenses ; and if the award of costs fails for uncertainty, an important item is defeated, having an intimate relation to the whole object.( p) Nor will a tender, (though we deny that any is here shown,) help the case, where the award is void for uncertainty. It may, as a general rule, and in other cases,(q) but that of badness for uncertainty is an exception to the rule.(1) Besides, this doctrine, that the award may be good in part and bad in part, does not apply where the award is pleaded in bar. In such case, it must be complete in all its parts. The separation of the parts has never been made, except where the action is to enforce the award.

Again : here is no security for performance provided for by the award. This was essential by the very terms of the submission.

3. The award is void, as purporting to bind parties, strangers to the submission. One of the tenants is totally disconnected with the award, and Jagger's becoming guarantor to the performance does not make him a party. He was a mere surety, and stood in the light of any other friend to A. Cox, having no interest in the premises. There was no such privity in the submission between the demandant and Jaggar, as to bind the latter. Nor if Jagger is bound, will the award extend to Belknap, or give him the right to plead it. There was no such privity of estate, between Jagger and him, as to make it enure to his benefit. A submission by one for himself and partner, even of a personal matter, will not bind the latter.(r) A submission by a part of the parishioners shall not bind the others ;(s) nor will the submission by a particular tenant affect the reversioner.(t)

(r) Strangford v. Green, 2 Mod. 227.

(s) Mudy v. Osam, Litt. 30. Hell. 4 S. C.

(t) Evans v. Cogan, 2 P. Wms. 449.

NEW YORK,
May, 1824.

Cox
v.
Jagger.

**4.** The award is void, as being inconsistent with the terms of the submission.

*C. H. Ruggles,* contra. The only question submitted was as to the amount of commutation to be received in lieu of dower. The submission was by the widow and the heir, between whom the right of dower was in question, and properly so, as the deed of submission admits. By this, the widow is estopped to say that the heir was not such a party in interest as would have a right to receive a release of dower, or negotiate in any other way for its extinguishment. Here, then, were the proper parties. They had agreed that the commutation should be quarterly, and the demandant agreed to release her dower on fulfilling the award. A readiness to fulfil and a tender is averred as to part; and an actual payment and acceptance as to the residue. The provision for re-entry is a sufficient security.

It is true, of real estate, that a mere award will not pass the title; but in all possessory actions an award may be pleaded in bar.(*u*) What substantial difference is there between the demand of land in a real action, and by ejectment? In truth they are the same, differing merely in form. The demandant has a mere inchoate right not vested. She cannot transfer it till her dower is actually assigned ;(*v*) and the award is equally binding as a release would be.

(*u*) *Doe* v *Rosse,* 3 East, 15. *Sellick* v *Adams,* 15 John. 197 *Calhoun's lessee* v. *Dunning,* 4 Dall 120.

(*v*) *Jackson* v. *Aspell,* 20 John. 411.

It is true there are some old cases which question the power to arbitrate concerning a freehold; but the authorities are all reducible to the doctrine laid down by Kyd,(*w*) "That where the parties may by their own act, transfer real property, or exercise any act of ownership with respect to it, they may refer any dispute concerning it to the decision of a third person, who may order the same acts to be done which the parties themselves might do by their own agreement ; therefore, when we are told that an arbitrator cannot make an award of freehold ; that he cannot award the freehold of one man to another; or that partition cannot be by an award ; we are to understand these expressions to mean no more than that land cannot be transferred, or a division

(*w*) Kyd on Aw. 61.

made of it by the mere magic of the words of the award; but it is necessary that the award should order such acts to be done, as would, if done by the voluntary agreement of the parties, amount to a proper transfer or partition at law."(x)

The right of dower is complete in no other sense than that to any chose in action which the party always has the power to release; and the rule that a collateral satisfaction does not bar dower, applies merely to acts which take place, or things which are received during the lifetime of the husband. After his death, the right of dower becomes a fair subject of negotiation and transfer, like any other claim : and the proceeding here is equivalent to a sale or release by agreement, the parties calling for the intervention of arbitrators to fix the value, like *Hall* v. *Warren*, in 9 Ves. Jun. 605. If not good as an award, it is, at least, equivalent to a covenant not to sue, which is construed a release, in order to prevent circuity of action.(y) A widow may waive or suspend her right of dower in consideration of a mere chattel interest.(z)

It is said, the award is uncertain as to expenses; but to this we answer that the arbitrators had nothing to do with the costs. The submission itself provides for the payment by Cox. The award of costs, therefore was a mere act of supererrogation or repetition. The award is void as to this, and good as to the residue.(a) The security reserved is the best which it possibly could be, viz. a right of entry into the land in default of payment.

Nor is there any force in the objection, that the award attempts to bind strangers. Jagger and Belknap are not strangers. The former was present and executed the award; and both are in privity with Cox, of whom they purchased, with covenant of warranty, &c. They would have a remedy over against him on the failure of title. An award as

(x) And vid. *Munro* v. *Alaire*, 2 Caines' Rep. 320.

(y) *Harrison* v. *Closs*, 2 John. Rep. 448. *Jackson* v. *Stackhouse*, 1 Cowen's Rep. 123.

(z) Park on Dower, 214.

(a) *Bacon* v. *Wilber*, 1 Cowen's Rep. 117. Caldwell on Arbitrations, 119 *Candler* v. *Fuller*, Willes' Rep. 62. *Addison* v. *Gray*, 2 Wils. 293.

to a mere stranger would not be void, if there is a means of enforcing it.(*b*)  So where the parties comprehended in the award are contemplated by the submission, though they are not directly parties to it.(*c*) Nor is it an objection that the award was in the alternative, viz. that Cox or the tenants should pay.(*d*)  Besides, uncertainty in an award may be made certain by an averment and evidence.(*e*)

Then the award being without objection, the only question is as to its effect.  Whether a collateral satisfaction, personal in its nature, would be a bar to dower, has never been decided in this state.  The question arose in *Larrabee & wife* v. *Van Alstyne*,(*f*) but this Court were divided.  The cases already cited show clearly that an award would be a bar in ejectment; and the principle is the same here.  It is a constructive release, founded on the election of the demandant.(*g*)  It is of the nature of a judgment, and as such a conclusive bar.(*h*)  There is no doubt that this award would, followed as it is by performance, be a complete defence in Chancery ;(*i*) and we ought not to be turned over to the other side of the hall, unless the Court feel constrained to send us there by some unyielding distinction between the powers of a Court of law and equity.

*M'Kissock*, in reply.  The fact that the widow may release, as she stipulated to do by the contract of submission, pre-supposes that she has still a right or interest in the land; and until she has, in fact, released, she may maintain her

(*b*) Bac. Abr. Arbitrament & Award, (E) 1.   Rol. Abr. 248, 249.   Stile, 152.

(*c*) Kyd on Aw. 160.   *Onyons* v. *Cheese*, Lutw. 530.   10 W. 3.

(*d*) *Lee* v. *Elkins*, 12 Mod. 585.

(*e*) Caldwell on Arbitrations, 109.

(*f*) 1 John. Rep. 307.

(*g*) *Birmingham* v. *Kirwan*, 2 Sch. & Lef. 450.   *Gosling* v. *Warburton & Crispe*, Cro. Eliz. 128.   *Van Orden* v. *Van Orden*, 10 John. 30.   *Turney* v. *Sturges*, Dy. 91, a.

(*h*) Bac. Abr. Arbitrament, (E).   Kyd on Aw. 139.   *Purdy* v. *Delavan*, 1 Caines' Rep. 304.   *Weed* v. *Ellis*, 3 id. 253.   *Armstrong* v. *Masten*, 11 John. 189.

(*i*) Caldwell on Arbitrations, 215.   2 Vern. 365, and vid. 1 Eq. Cas Ab. Dower, B.   9 Mod. 152.   1 Br. Cas. Ch. 292.

NEW YORK,
May, 1824.

Cox
v.
Jagger

(*j*) *Roe* v.
*Doe*, 2 T. R.
644.

action.   The cases quoted on the other side, and, indeed,
all the cases where an award has been holden to bind lands,
relate to actions which are merely possessory ; nor was it
ever pretended that the award, in itself, could transfer the
title.   I never intended to question that a right of action
may be released.   No doubt an action of dower may be dis-
charged in this manner.

To say that the award operates as a release, besides con-
tradicting the plain rules of law, is begging the question as
to its validity.   I have shown that no part of this award
should be suffered to stand, because that which is void goes
to the entire merits of the case.   An award is good in part
and bad in part, only where the void matter is altogether
foreign to, and disconnected with that which is good.   Arbit-
rators may award as to costs, though no express power be
given for the purpose.   This power is implied and inciden-
tal.(*j*)   Costs are many times an important item in the con-
troversy ; and where the attempt to provide for them fails,
the party injured should have a right to treat the whole as a
nullity.   These costs can never be made certain.   There is
no standard of calculation by which they can be reached.

It makes no difference that this award may be enforced
in Equity.   We are now in a Court of law.

It is said that every one contemplated by a submission is
bound by it ; but it would be most dangerous to bring all
persons in privity with the party within the operation of
this rule.   It means no more than that where the right of
one party belongs to him and another jointly, and is made
the subject of arbitration, the latter shall be bound by the
submission of his co-tenant.   It is, at least, doubtful wheth-
er the rule goes even to this extent.

An alternative award, in order to be good, must relate to
the thing to be performed, not the person to perform.   That
the party, or a stranger, shall do the act, in the language of
this award, is clearly void.

.   But it is a sufficient answer that in the cases where a part
of the award has been enforced and a part rejected, the
question did not arise in its present shape.   The action was
on the award and the void part was intended for the benefit

of the plaintiff, which he was content to waive. Such were the cases of *Candler* v. *Fuller* and *Addison* v. *Gray.* The mode of proceeding here leaves us no election. We are compelled to accept every part of the award, whether it be legally binding or not.

The opposite counsel does not speak according to the cases, when he says that the acceptance of a collateral satisfaction for dower is ineffectual only where it is received before the husband's death. The case which has been cited on both sides, of *Turney* v. *Sturges*,(k) is directly against him. (k) 1 Dyer, The collateral satisfaction there, was £6 rent, accepted in 91, a. and vid pursuance of an award made between the demandant and 48, pl. 167. tenant, after the death of the husband ; and because the rent did not issue out of the very same land of which dower was claimed, the satisfaction was pronounced collateral, and for that reason disallowed. A case more directly in point could hardly be framed.

*Curia*, per WOODWORTH, J. The law is well settled, that where the parties might, by their own act, transfer real property, or exercise any act of ownership with respect to it, they may refer any disputes concerning it to the decision of arbitrators, who may order the same acts to be done which the parties themselves might do by agreement. (Kyd on Awards, 61.) The demandant's claim of dower being a proper subject of submission, the inquiry will be, whether the award is a bar to the action.

The submission and award are set out in the plea, with an averment, that after publishing the award, Cox tendered the costs, and paid to the demandant two quarters of the yearly allowance.

The authority given to the arbitrators cannot be extended to persons or things beyond the scope of the submission. An award may be good in part and bad in part, where that part which is void is not so connected with the rest as to affect the justice of the case. It is then void only *pro tanto*. (*Martin et al.* v. *Williams*, 13 John. 264.)

It is contended that the award is defective, in not having directed a release of dower. To this it may be answered,

that the demandant, by the submission, bound herself, on the fulfilment of the award, to release her dower and damages. This act being provided for by the parties, it became unnecessary for the arbitrators to direct a release. It will be seen that their powers were confined to two objects—the sum to be paid, and the security to be given. Having disposed of these, there was a compliance with the terms of the submission. But, independent of this, I do not think the omission fatal, for they award that all suits touching the premises shall cease, and that the yearly sum of $35 is in lieu of the right of dower. If, then, in consequence of the award, the demandant could not maintian an action, the effect, as it respects the defendants, is the same as if a release had been awarded and actually executed. They are equally protected. The principle upon which an award is held to be a bar, where the title to land is submitted, is, not that it can have the effect of conveying the land, but that the party is concluded, by his own agreement, from disputing the title. The parties consent that the award shall be conclusive as to the right, and that is sufficient to bind them. (*Doe* v. *Rosser*, 3 East, 16.) In the case of *Sellick* v. *Adams*, (15 John. 197,) the arbitrators fixed the boundary between the land of the parties. It did not appear that a release was awarded, yet the Court held that the award would have been sufficient to enable the party to recover in ejectment ; and in *Shepard* v. *Ryers*, (15 John. 497,) where the parties covenanted to execute releases according to the division to be made by the arbitrators, the doctrine is recognized, that though an award may not have the operation of conveying the land, it may estop a party from setting up his title. It has been adjudged, that when it is awarded that one party shall pay money or deliver up any particular thing in satisfaction of actions and suits, the Court will imply a release from the other party to be intended by the arbitrators. (*Mawe* v. *Samuel*, 2 Rol. Rep. 1. 12 Mod. 234. Caldwell on Arbi. 129.) It has also been held, that where any thing is awarded in satisfaction, there the award itself is a bar before it is performed. (Caldwell, 212. Carth. 378. Ld. Raym. 247. Salk. 69.)

NEW YORK,
May, 1824.

Cox
v.
Jagger.

But, on another ground, I think this objection cannot prevail. The right to dower, until it is legally assigned, is a right resting in action only. The widow may release her claim, but she cannot invest another person with the right to maintain an action for it. (1 Cruise's Dig. 159, s. 2. 17 John. 168. 20 John. 413.) It seems to me of necessity to follow, that the award operatés as an actual extinguishment of the right resting in action, when it declares that the action itself shall not be prosecuted, and that the money is in lieu of the claim. I do not perceive that the award is void for uncertainty. It is explicit as to the payment of the money. As to the security intended to ensure the regular yearly payments, there is some obscurity; yet it is sufficiently plain to show what the arbitrators intended the demandant should rely on. They considered the money retained by the defendants as constituting her security. Whether that was adequate, or whether it could, in fact, be resorted to by the demandant, in case of a default, is not the question. If they misjudged on this point, it cannot affect the award. It was submitted to them to point out the security, in their judgment, deemed sufficient. This has been done; and the demandant cannot now object to it.

It is also urged, that the award is void, because it purports to bind persons strangers to the submission. It is undoubtedly void so far as it requires the defendants to pay; but granting this, it does not affect its validity as to Alexander Cox. The award is, that Cox, or one of the defendants, or either of them, shall pay. It is within the rule recognized in *Martin and others* v. *Williams*.

It is also objected, that the arbitrators had no power to award as to costs. If that be granted, it cannot affect the residue of the award; for it is not connected with, but a distinct question from the one, whether the right of dower is barred. It may, too, be rejected as surplusage; for the submission provides, that Alexander Cox shall pay all costs. It was evidently not intended that the costs should be under the control of the arbitrators. If, however, nothing had been said respecting costs in the submission, it was a power

necessarily incident to the authority of the arbitrators. It was so decided in *Strong* v. *Ferguson*, (14 John. 161.)

Every valid award must be final, so as to put an end to future litigation. Here it is provided, that on the neglect or refusal to pay, the demandant may enter, as if the award had never existed. This provision is clearly bad. The first part of the award is final, for it awards the sum of money to be paid, and describes the security for performance. The latter part is repugnant to the former, and must be rejected ; but the former part is valid. The rule is, that when there is any contradiction in the wording of an award, so that one part is irreconcileable with another, the first part shall prevail and the latter be rejected. (3 Bulst. 62. Pop. 15, 16. Caldwell, 130. Kyd, 216, 217.) On the whole, I am of opinion that judgment on the demurrer be entered for the defendants.

Judgment for the tenants.